UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALENTIN VACAJ,

       Plaintiff,                      Civil Action No. 22-cv-10223
                                           HON. BERNARD A. FRIEDMAN

vs.

ALLSTATE INSURANCE COMPANY
and LOWE'S HOME CENTERS, LLC,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

     This matter is before the Court a motion for summary judgment filed by defendant Lowe's Home Centers, LLC ("Lowe's"). (ECF No. 37). Plaintiff Valentin Vacaj has filed a response and supplemental authority, and Lowe's has filed a reply. (ECF Nos. 40, 41, 42). The Court does not believe oral argument is necessary and shall decide this motion without a hearing. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion is denied.

   I.   Background

     In this diversity action removed from state court, plaintiff Vacaj seeks to recover damages in connection with injuries allegedly sustained when, during the

early morning hours of January 18, 2021, he slipped and fell on black ice in the parking lot of a Lowe's store in Sterling Heights, Michigan. (ECF No. 1); (ECF No. 1-2, PageID.17, ¶¶ 4, 5). The complaint alleges that although Lowe's was on notice that freezing rain was forming ice in the area where Vacaj fell, the area was not being salted or cleared. (ECF No. 1-2, PageID.17, ¶ 6).

As against defendant Lowe's, the complaint includes one cause of action for negligence. (ECF No. 1-2, PageID.18-19).[1] Lowe's has now filed the instant motion for summary judgment urging that under Michigan law, black ice is an open and obvious condition and as such, Vacaj's claims are barred by the open and obvious doctrine. (ECF No. 37, PageID.552). Alternatively, Lowe's argues that even if the ice was not open and obvious, Vacaj's "claims still fail as there is no evidence that Defendant acted unreasonably given that there had been an ongoing snow/freezing rain storm the day prior leading up to the morning of [Vacaj's] fall." (*Id.*).

II. Legal Standard

The Court should grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All evidence, along with all reasonable

---

[1] A stipulated order of dismissal was entered as to defendant Allstate. (ECF No. 35). Thus the negligence claim against Lowe's is the only remaining cause of action in this case.

inferences, must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

III.  Analysis

The Court agrees with the apparent consensus of the parties that substantive Michigan law governs this diversity action. *See* (ECF No. 37, PageID.564); (ECF No. 40); *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002); *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425-26 (6th Cir. 2009).

Under Michigan law, "[a]ll negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F&E Oil, Inc.*, No. 162907, 2023 WL 4845611, at *7 (Mich. July 28, 2023). In premises liability cases, a land possessor's duty to a visitor depends on the visitor's status; historically Michigan courts have recognized three categories of visitors: trespassers, licensees, or invitees. *Id.* at *8. A person entering the property for business purposes is generally categorized as an "invitee" and as such is "entitled to the highest level of protection under premises liability law." *Id.* (cleaned up). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of

3

harm caused by a dangerous condition of the land." *Id.* (cleaned up); *id.* at *22. In general, whether the defendant has a duty to the plaintiff is a question of law for the court, but whether a breach of that duty has occurred is a question of fact for the jury. *Id.* at *8.

The "open and obvious" nature of a danger is evaluated with reference to "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at *22 (cleaned up). Until quite recently, caselaw held that such a question was considered as part of the Court's analysis of duty. *Id.* In *Kandil-Elsayed v. F&E Oil, Inc.*, No. 162907, 2023 WL 4845611 (Mich. July 28, 2023), however, the Michigan Supreme Court overruled that precedent and instead held that the open and obvious nature of a danger "is relevant to the defendant's breach and the plaintiff's comparative fault." *Id.*

> To summarize, a land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty.² Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice Viviano's dissent to immediately rectify hazards on their property to avoid liability. Rather, as has always been true, a

---

² Whether a duty is breached will generally require consideration of various factual questions properly resolved by a jury. However, if there are no genuine issues of material fact remaining, a court may properly grant summary disposition under MCR 2.116(C)(10).

4

>land possessor need only exercise *reasonable* care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it.

*Id.* at *24 (cleaned up) (footnote renumbered).

*Kandil-Elsayed* was decided after Lowe's filed the instant motion for summary judgment. As Lowe's concedes in its reply brief, the case moots the company's arguments relying on the open and obvious danger doctrine as an absolute defense for purposes of summary judgment. (ECF No. 42, PageID.861-62).[3]

Lowe's nevertheless urges that *Kandil-Elsayed* "has no effect on Plaintiff's inability to show that Defendant acted unreasonably in salting its lot the morning of Plaintiff's fall." (ECF No. 42, PageID.862). Again: "a land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 2023 WL 4845611, at *24. In the context of snow and ice, the duty requires "that reasonable measures be taken within a reasonable time after an accumulation of ice and snow

---

[3] Contrary to the assertion in Vacaj's notice of supplemental authority, however, *Kandil-Elsayed* does *not* abolish the open and obvious doctrine. (ECF No. 41, PageID.859); *Kandil-Elsayed*, 2023 WL 4845611, at *22.

to diminish the hazard of the injury to the invitee." *Id.* (cleaned up). If a duty is established, the next question is whether there was a breach of that duty. *Id.* Although summary judgment may be possible, in general, whether a breach occurred will "require consideration of various factual questions properly resolved by a jury." *Id.* at *24, n.28.

As was the case in *Kandil-Elsayed*, here questions of fact remain as to whether Lowe's acted reasonably in salting the lot the morning of plaintiff's alleged fall. *Id.* Lowe's itself urges that "there is no evidence showing exactly what time the snow and ice accumulation ended." (ECF No. 42, PageID.863); *see Kandil-Elsayed*, 2023 WL 4845611, at *24 ("The factual record does not make clear when it began snowing or whether it had stopped snowing when the plaintiff was injured."). Lowe's urges that it acted reasonably "by having its contracted snow removal company out as early as possible after the ice and snowstorm." (ECF No. 42, PageID.863). But Vacaj argues that the ice had existed since the day before and was still present more than an hour after Lowe's opened for business. (ECF No. 40, PageID.713).

Because genuine questions of material fact remain, summary judgment is not appropriately granted. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment (ECF No. 37) is DENIED.

**SO ORDERED.**

Dated: August 9, 2023
Detroit, Michigan

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge